William D. Hyslop
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MARIA LOPEZ ORDUNO and ANGELICA VIVIANA SANCHEZ,<br><br>Defendants. | Case No.: 4:20-CR-6002-SAB<br><br>Notice of Joinder |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Stephanie Van Marter, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits the following Notice of Joinder regarding the above referenced cause.

**I.      Pursuant to Federal Rules of Criminal Procedure, Rule 8(b), Joinder of Defendants is presumed and proper.**

Notice of Joinder- 1

The general rule is that Defendants jointly charged are jointly tried. See, *United States v. Van Cauwenberghe*, 827 F.2d 424, 431 (9th Cir. 1987), cert. denied, 484 U.S. 1042 (1988); *United States v. Armstrong*, 621 F.2d 951 (9th Cir. 1980); *United States v. Brady*, 579 F.2d 1121 (9th Cir. 1978), cert. denied, 439 U.S. 1074 (1979); *United States v. Gay*, 567 F.2d 916 (9th Cir. 1978) cert. denied, 435 U.S. 999 (1978); *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991) ("co defendants jointly charged are, prima facie, to be jointly tried") (emphasis in original); *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.) cert. denied, 449 U.S. 856 (1980) (defendants jointly charged in conspiracy cases are presumptively to be jointly tried). Where several persons are charged together with committing the same offense, there is a substantial public interest in the expediency of a joint trial. *United States v. Nace*, 561 F.2d 763, 769 (9th Cir. 1977).

The joinder of two or more defendants in the same indictment is governed by Fed. R. Crim. P. 8(b), which provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all the defendants need not be charged in each count.
> The goal of Rule 8(b) is to "maximize trial convenience and efficiency... ."

*Untied States v. Sanchez-Lopez*, 879 F.2d 541, 550 (9th Cir. 1989); see *Bruton v.*

Notice of Joinder- 2

*United States*, 391 U.S. 123, 131 n. 6 (1968) (Rule 8(b) is "designed to promote economy and efficiency and to avoid multiplicity of trials..."). This goal "is best served by permitting initial joinder of charges against multiple defendants." *United States v. Vasquez-Velasco,* 15 F.3d 833, 844 (9th Cir. 1994); *United States v. Baker,* 10 F.3d 1374, 1387 (9th Cir. 1993), overruled on other grounds by, *United States v. Nordby*, 255 F.3d 1053 (9th Cir. 2000) ("[b]ecause joint trials conserve funds, diminish inconvenience to witnesses and public authorities and avoids delays in bringing those accused of a crime to trial, Rule 8(b) is construed liberally in favor of joinder") (internal quotation and citations omitted). As such, Rule 8(b) is "construed liberally in favor of joinder." *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999), cert. denied sub nom, *Mikayelyan v. United States*, 530 U.S. 1220 (2000); *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977).

In construing Rule 8(b), the Ninth Circuit has interpreted the term "transaction" flexibly, and determined the existence of a "series" upon whether there is a logical relationship between transactions. *Vasquez-Velasco*, 15 F.3d at 843; *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991); *United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir.), cert. denied, 450 U.S. 934, (1981), overruled on other grounds, *United States v. De Bright*, 730 F.2d 1255, 1372 (9th Cir. 1984) (en banc). A "logical relationship is typically shown by the existence of

Notice of Joinder- 3

a common plan, scheme, or conspiracy." *Vasquez-Velasco*, 15 F.3d at 844 (internal quotation and citation omitted); see *Felix-Gutierrez*, 940 F.2d at 1208; *Ford,* 632 F.2d at 1372.  The Ninth Circuit has stated that "[the Court] has repeatedly held that a conspiracy count may provide the necessary link to satisfy the requirements of Rule 8(b)" and has specifically stated that joinder is appropriate in an "instance where all the criminal activities logically fall under the under the same umbrella of one big conspiracy."  See *Sarkisian*, 197 F.3d at 976 (discussing Ford, 632 F.2d at 1372); *United States v. Abushi*, 682 F.2d 1289, 1296 (9th Cir. 1982) (citations omitted).

    The Court has also stated that whenever the common activity constitutes a substantial portion of the proof of the joined charges, joinder is permissible. *Vasquez-Velasco*, 15 F.3d at 844; Ford, 632 F.2d at 1372 (quoting *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970) cert. denied, 401 U.S. 924 (1971)).  For example, in *Felix-Gutierrez*, the Court held that joinder of the charges was appropriate due to: overlapping evidence, occurrence of events during a brief time span, and participation of many of the same individuals.  940 F.2d at 1208-09.

    The general rule of joinder expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burdens upon citizens to sacrifice time and money to serve on juries and avoid the necessity of

Notice of Joinder- 4

recalling witnesses who would otherwise be called upon to testify only once. *Brady*, supra, at 1128.

In this case, the Defendants are charged in the same Indictment, based upon the same set of facts and circumstances. The only reason the Defendant was not arrested the same time as her Co-defendant, was because she was able to evade her arrest warrant for a period of time. In this case, joinder is presumed. It would be upon the Defendant to establish a valid basis for severance pursuant to Rule 14. The United States therefore respectfully requests the Court to set Defendant Sanchez on the same schedule for trial as has been set for Co-Defendant Orduno. The United States also requests the Court to strike the Pretrial Conference and Jury Trial as assigned to Defendant Sanchez.

Dated: March 13, 2020.

William D. Hyslop
United States Attorney

s/ Stephanie Van Marter
Stephanie Van Marter
Assistant United States Attorney

Notice of Joinder- 5

# CERTIFICATION

I hereby certify that on March 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Jeremy B. Sporn
Federal Defenders – YAK Eastern WA
306 E Chestnut Ave.
Yakima, WA 98901
Attorney for Jose Maria Lopez Orduno

Douglas E. McKinley
8350 W Grandridge Blvd, Ste. 200-431
Kennewick, WA 99336
doug@mckinleylaw.com
Attorney for Angelica Viviana Sanchez

                                                  s/ Stephanie Van Marter
                                                  Stephanie Van Marter
                                                  Assistant United States Attorney

Notice of Joinder- 6