FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 4:20-CR-06002-SAB-1 |
|---|---|
| Plaintiff, | ORDER FOLLOWING ARRAIGNMENT ON SUPERSEDING INDICTMENT AND DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| vs. | |
| JOSE MARIA LOPEZ ORDUNO, | |
| Defendant. | **ECF Nos. 83, 84** |

On Tuesday, April 14, 2020, Defendant was arraigned based on the Superseding Indictment (ECF No. 54). With his consent, Defendant appeared by video from the Benton County Jail represented by Assistant Federal Defender Jeremy Sporn and assisted by federal court-certified interpreter Cristina Perez-Lopez. Assistant United States Attorney Stephanie Van Marter represented the United States.

Defendant was advised of, and acknowledged the charges against him and the penalties he faces.

Defendant was advised of, and acknowledge Defendant's rights.

Defendant pled not guilty.

ORDER - 1

The Court appointed counsel to represent Defendant (ECF No. 7) and ordered Defendant detained (ECF No. 17) in previous orders.

Defendant now moves this Court to reopen detention and consider conditions of release based on changed circumstances relating to the current public health crisis and a new proposed release address (ECF No. 83). The United States opposes the motion (ECF No. 90). The Court reopened the detention hearing to consider Defendant's additional proffers and arguments of counsel. 18 U.S.C. § 3142(f).

The Court considered the parties' briefing (ECF Nos. 83, 90-91), arguments, and proffers, the prior detention order (ECF No. 17), and the pretrial services reports (ECF Nos. 5, 15, 94), and evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there were conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. Based on the nature of the charges, there is a presumption of detention in this case. The Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's continued detention pending trial.

ORDER - 2

Defendant is charged with conspiracy and possession with intent to distribute methamphetamine and with possession of stolen firearms. The United States made a lengthy proffer at Defendant's initial detention hearing, which the Court incorporates in relevant part here. The United States proffered that, on December 17, 2019, Defendant was subject to a traffic stop while driving a vehicle registered to his codefendant/girlfriend after law enforcement received information from a confidential witness who identified Defendant as a drug dealer; that a search warrant was obtained for the vehicle which, when executed, revealed methamphetamine, cocaine, $2,500 in cash, a ledger containing records of transactions, and three firearms, two of which were determined to be stolen and two of which were concealed in a sock taped to the driver's side of the vehicle; and that narcotics, one of the firearms, and the drug ledger were discovered inside a backpack which also contained Defendant's identification. It was further proffered that on December 18, 2019, a subsequent execution of a search warrant for Defendant's motel room revealed methamphetamine, heroin, fentanyl, additional firearms, and ammunition and multiple magazines for various firearms. The United States proffered that Defendant's codefendant/girlfriend continued collecting drug debts on his behalf after his arrest. Additionally, the United States proffered new information to the Court. The United States proffered that in late December 2019, Defendant utilized other inmates' PIN numbers to call co-

ORDER - 3

conspirators from custody and order, through coded language, a drive-by shooting of the home of an individual who owes him a drug debt.  The United States submitted translated transcripts of the jail calls and police reports indicating that the shooting was executed as directed by Defendant.  The allegations against Defendant are serious and the combination of firearms and controlled substances is indicative of potential danger to the community if Defendant were to be released.  The Court's concerns as to potential dangerousness are heightened in light of the new allegations and supportive evidence that, while in custody, Defendant ordered a drive-by shooting of a drug debtor, using practices indicative of deceit and manipulation.  The Court notes that the risk of nonappearance is heightened in this case due to the adverse immigration consequences that would flow if Defendant were to be convicted of the charges.

      The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence.  Based on the United States' proffer, which includes evidence seized from search warrants, statements by confidential sources, and copies of jail calls made by Defendant, the weight of the evidence is sufficiently strong to give the Court concern to the dangerousness and risk of nonappearance.

      Turning to his history and characteristics, Defendant is 24 years old, was born in Mexico, and is a Mexican citizen.  He resided in Mexico until he was 18

ORDER - 4

years old, when he relocated to the United States. Defendant maintains strong ties to Mexico; his father continues to reside there, and Defendant has frequent telephonic contact with him. Additionally, prior to his arrest, a family member reported that Defendant traveled to Mexico each year to visit family. Defendant does not have substantial ties to any community within the United States; in his six years in the United States, he has resided in several cities in Washington and Utah. He has a sister who lives in Nogales, Arizona and a brother who lives in North Carolina. He also has two daughters[1] from previous relationships and a stepdaughter with codefendant/girlfriend. Prior to his arrest, Defendant was residing in a motel in Quincy, Washington with his codefendant/girlfriend and was unemployed. Defendant is a legal permanent resident in the United States; his girlfriend/codefendant does not have legal status. As noted *supra*, Defendant's status, in light of the charges he faces and the adverse immigration consequences that would result if he were to be convicted, heightens his risk of nonappearance. Defendant has no known criminal history in the United States.

---

[1] Due to incongruity between Defendant's cousin's report (ECF No. 15 at 2) and Defendant's brief (ECF No. 83 at 4), it remains unclear whether one of Defendant's daughters resides in Mexico.

ORDER - 5

If released, Defendant proposes residing in Pasco, Washington with his cousin and his cousin's family. Defense counsel proffers there are no firearms at the residence and neither adult has a criminal record; and that, unlike the previous proposed release address, this new address is in the Tri-Cities area, which would allow the Defendant to be nearby for court appearances. Though more stable than his previously proposed release address, the Court finds that this fact alone does not adequately mitigate its concerns as to dangerousness and risk of nonappearance. Defendant also argues that the current public health crisis, and the particular risks the virus poses to those in jail, weigh in favor of his release on conditions. While the Court considers the risks of contracting and transmitting COVID-19 in its analysis, in this case, the Court finds such risks are outweighed by the potential danger to the community and risk of nonappearance posed by Defendant if released.

On balance, based on Defendant's ties to Mexico, limited connection to any community in the United States, and heightened incentive to flee caused by the adverse immigration consequences that would result if Defendant were to be convicted, along with the seriousness of the allegations against him, including the new allegations indicative of deceit and violence, the Court finds that the presumption of detention has not been rebutted and that no conditions or

ORDER - 6

combination of conditions can be crafted to reasonably assure the appearance of Defendant as required and the safety of the community.

Accordingly; **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Expedite (**ECF No. 84**) is **GRANTED**.

2. Defendant's Motion to Reopen Detention Hearing (**ECF No. 83**) is **DENIED**.  Defendant shall remain held in detention pending disposition of this case or until further order of the court.

3. If Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), attorney for Defendant shall file a written motion for revocation or amendment of this Order within ten (10) days before the district judge to whom this case is assigned and note it for hearing at the earliest possible date.  Both parties are responsible to ensure the motion is determined promptly.

4. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

5. Defendant is bound over to Judge Bastian for future proceedings.

DATED April 17, 2020.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7